**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TARA BALDWIN
c/o Zipin, Amster & Greenberg
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910

*On Behalf of Herself and All*
*Other Similarly Situated Individuals*

    Plaintiff,

v.                                                                              Case No.  22-cv
                                                                                Hon.
DEARBORN BISTRO, LLC                                                            Mag.
d/b/a PANTHEION CLUB
12900 Michigan Avenue
Dearborn, Michigan 48126

SERVE:  Aref Bazzi
12900 Michigan Avenue
Dearborn, Michigan 48126

    Defendant.

---

GREGG C. GREENBERG (0712110314)
Zipin, Amster & Greenberg, LLC
Attorney for Plaintiff
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
301-587-9373 (fax 240-839-9142)
ggreenberg@zagfirm.com

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)

Local Counsel for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
(248) 258-2500 / Fax (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

---

## **CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

1. This is a class and collective action brought by Plaintiff Tara Baldwin ("Plaintiff") against Defendant Dearborn Bistro, LLC (hereafter "Pantheion Club" or "Defendant").

2. The class and collective is composed of female employees who, during the relevant period of June 2019 through the date of judgment in this case ("the relevant period"), worked as exotic dancers for Defendant at Defendant's Pantheion Club in Dearborn, Michigan, and were denied their fundamental rights under applicable state and federal laws.

3. Specifically, Plaintiff complains that Defendant misclassified Plaintiff and all other members of the class and collective as "independent contractors" at all times they worked as exotic dancers at Defendant's Pantheion Club.

4. As a result Defendant's class-wide misclassification of Plaintiff and all other exotic dancers at Defendant's Pantheion Club, Defendant failed to pay Plaintiff and all other members of the class and collective minimum wage compensation they

were entitled to under the Federal Fair Labor Standards Act ("FLSA") and the Improved Workforce Opportunity Wage Act ("IWOWA").

5. Plaintiff brings this class and collective action against Defendant seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

6. Plaintiff is an adult resident of Detroit, Michigan.

7. Plaintiff's Written Consent to participate as a Plaintiff in this action to recover unpaid wages and damages under the FLSA is attached hereto as Exhibit 1.

8. Defendant is a limited liability company formed in the State of Michigan that operates as the Pantheion Club, a strip club serving beer, wine, and spirituous beverages and featuring female exotic dancers at the address 12900 Michigan Avenue, Dearborn, Michigan 48126.

9. At all times relevant to this action, Defendant's ownership and management supervised and managed Plaintiff and other exotic dancer employees at the Pantheion Club, participated substantially misclassifying Plaintiff and other exotic dancers at the Pantheion Club as independent contractors rather than as employees, set the rate and method of compensation (or failure of compensation) for Plaintiff and other exotic dancer employees of the Pantheion Club, and was

substantially in charge of keeping and maintaining all employment records for Plaintiff and all other exotic dancer employees of the Pantheion Club.

10. During the period relevant to this action, Defendant qualified as Plaintiff's employer and the employer of all other exotic dancers at the Pantheion Club, within the meaning of the FLSA and IWOWA.

11. During the relevant period, the Pantheion Club had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

12. This Court has personal jurisdiction over Defendant, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated IWOWA state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

13. Plaintiff was employed as an exotic dancer by Defendant at Defendant's Pantheion Club in Dearborn, Michigan, for the period of about June 2011 through about May 2022.

14. While employed, Plaintiff customarily worked 3-5 or more shifts per week.

15. While employed, each shift Plaintiff worked customarily lasted

between 6-7 or more hours.

16. While employed, Plaintiff generally worked about 25-40 hours per week.

17. On information and belief, Defendant has possession of time and/or sign in "house fee" payment records for Plaintiff and all other exotic dancers employed at the Pantheion Club during the period relevant to this action.

18. At all times, Defendant had actual knowledge of all hours Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers at the club.

19. At no time during Plaintiff's period of employment did Defendant ever pay Plaintiff or any other exotic dancers any wages for hours that Plaintiff and other exotic dancers worked each week.

20. At all times relevant, Defendant totally failed to pay wages or any kind of compensation to Plaintiff and all other exotic dancers for work duties performed.

21. At all times relevant, Defendant misclassified Plaintiff and all other exotic dancers at the Pantheion Club as independent contractors when these individuals should have been classified under the FLSA and IWOWA as employees.

22. At all times, Defendant had the full right and authority to control all aspects of the job duties Plaintiff and all other exotic dancers performed inside the

5

Pantheion Club through employment rules and workplace policies that could be enforced or not at Defendant's managers' sole discretion.

23. At all times, Defendant controlled the method by which Plaintiff and all other exotic dancers could earn money at the club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

24. At all times, Defendant required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

25. Defendant hired Plaintiff and all other exotic dancers and had the authority and the ability to discipline them, fine them, fire them, and adjust their work schedules.

26. Defendant, through supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers to make sure their job performance was of sufficient quality.

27. Defendant conducted initial interviews and vetting procedures for Plaintiff and other exotic dancers and, at the club's sole discretion, the club's management and/or ownership could deny any Plaintiff or any other dancer access or ability to dance and/or work at the Pantheion Club.

28. At all times, Defendant had full right and authority to suspend or send

6

Plaintiff or other exotic dancers home and away from the club if Plaintiff or other dancers violated rules or policies or if the club's ownership or management, at their discretion, did not want Plaintiff or any other dancer at the club.

29. As a condition of employment with Defendant, Plaintiff and other dancers were not required to have or possess any requisite certification, education, or specialized training.

30. At all times relevant, Defendant was in the business of operating a strip club featuring female exotic dancers.

31. At all times relevant, it was the job duty of Plaintiff and each other exotic dancer to perform as exotic dancers for the entertainment of Defendant's customers.

32. In addition to failing to pay Plaintiff and all other exotic dancers any wages for hours worked, Defendant required Plaintiff and all other exotic dancers to pay the club or its ownership or management house fees and/or kickback of $30.00 - $100.00 or more for each shift Plaintiff and the other exotic dancers worked.

33. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff and other exotic dancers received from customers.

34. On information and belief, during the entire period relevant to this

action,

35. Defendant had actual or constructive knowledge the club misclassified Plaintiff and other exotic dancers at the Pantheion Club as independent contractors instead of as employees and that Defendant's failure to pay wages and charging unlawful kickbacks to Plaintiff and other exotic dancers was in direct violation of the FLSA and the IWOWA.

## **CLASS ALLEGATIONS**

36. Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37. The Rule 23 Class is defined in this matter as all individuals, who at any time during the relevant period, worked for Defendant as exotic dancers at Defendant's Pantheion Club, in Deerborn, Michigan, and were designated or classified by Defendant as independent contractors and not employees and, arising therefrom, were not paid minimum wage compensation by Defendant at a direct hourly rate at least equal to the Michigan Minimum Wage as required by Michigan law (hereinafter, "the Class").

38. On information and belief, the Class are believed to exceed one hundred (100) current and former exotic dancers employed by Defendant at Defendant's Pantheion Club and are therefore so numerous that joinder of all members is impracticable.

39. The questions of law and fact common to Plaintiff and the Class that predominate over any questions solely affecting individual members, include, but are not limited to:

   i. Whether Plaintiff and the Class qualified under Michigan law as Defendant's "employees" as the term is defined by the IWOWA while working for, in, or at Defendant's Pantheion Club as exotic dancers during the relevant period; and

   ii. Whether Defendant violated the minimum wage compensation requirements by not paying Plaintiff and the Class any wages for hours worked for, in, or at Defendant's Pantheion Club as exotic dancers during the relevant period.

40. Plaintiff's claims are typical of those of the Class.

41. Plaintiff, like other members of the Class, was misclassified as an independent contractor and denied her rights to minimum wage compensation under the IWOWA.

42. Defendant's misclassification of Plaintiff was done pursuant to a common business practice which affected all members of the Class in a similar way.

43. Plaintiff and the undersigned counsel are adequate representatives of the Class.

44. Given Plaintiff's loss, Plaintiff has the incentive and is committed to

9

the prosecution of this action for the benefit of the Class.

45. Plaintiff has no interests that are antagonistic to those of the Class or that would cause them to act adversely to the best interests of the Class.

46. Plaintiff has retained counsel experienced in class and collective actions and litigation of wage and hour disputes.

47. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

48. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff is pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individuals who, at any time during the relevant period, (i) who worked at, for, or, in Defendant's Pantheion Club as exotic dancers; (ii) who were designated or classified by

Defendant as independent contractors; and (ii) who were not by Defendant for all compensable hours worked during the relevant period at or above the Federal Minimum wage as required by the FLSA (hereinafter, "the Collective").

50.     Plaintiff and the members of the Collective are similarly situated because (i) each worked at, for, or in Defendant's Pantheion Club as exotic dancers during the relevant period; (ii) each was improperly designated or classified by Defendant as non-employee independent contractors while working as exotic dancers at, for, or in Defendant's Pantheion Club during the relevant period; (iii) each were not paid any wages by Defendant for compensable hours worked at, for, or in Defendant's Pantheion Club during the relevant period ; (iv) each were victims of tip theft whereby Defendant kept and/or assigned to management their tips and gratuities received from Defendant's customers while working as exotic dancers at, for, or in Defendant's Pantheion Club during the relevant period; and (v) each were required by Defendant to pay per-shift Defendant and/or its managers or assigns a mandatory per shift house fee kickback for each shift worked as exotic dancers at, for, or in Defendant's Pantheion Club during the relevant period.

51.     Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, Plaintiff and each member of the Collective are now owed (i) a return of all house fee kickback payments made or paid to Defendant and/or its managers or assigns for each shift worked at, for, or in

11

Defendant's Pantheion Club during the relevant period; (ii) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's managers and/or assigns for each shift worked at, for, or in Defendant's Pantheion Club during the relevant period; (iii) payment for all hours worked at, for, or in Defendant's Pantheion Club during the relevant period in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (iii) payment of statutory liquidated damages as provided by FLSA for Defendant's failure to pay minimum wage compensation as required by the FLSA during the relevant period.

52. On information and belief, Defendant employed at least one hundred (100) current and former exotic dancers to work at, in, or for Defendant at its Pantheion Club during the relevant period.

53. On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant to work at, in, or for Defendant at its Pantheion Club during the relevant period.

### CAUSES OF ACTION
### COUNT I
### VIOLATION OF THE FLSA
**(Failure to Pay Statutory Minimum Wages)**

54. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

55. The FLSA required Defendant to pay Plaintiff and other similarly

situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

56. The FLSA required that Defendant allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

57. As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

58. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

59. Defendant's failure to pay Plaintiff and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

## COUNT II
## VIOLATION OF IMPROVED WORKFORCE OPPORTUNITY WAGE ACT
**(Failure to Pay Statutory Minimum Wage)**

60. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

61. The IWOWA required Defendant to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Michigan Minimum Wage.

62. The IWOWA required that Defendant allow Plaintiff and other

similarly situated exotic dancers to keep all tips and gratuities received from customers.

63. As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the IWOWA Michigan Minimum Wage requirements.

64. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

65. Defendant's failure to pay Plaintiff and other similarly situated exotic dancers as required by the IWOWA was willful and intentional and was not in good faith.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting Plaintiff's Class claims under the IWOWA to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendant for failing to pay free and clear minimum

wage compensation to Plaintiff and other similarly situated individuals as required by the IWOWA;

  D. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

  E. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and other similarly situated individuals;

  F. Judgment that Defendant's violations of the IWOWA minimum wage requirements were not the product of good faith on the part of Defendant;

  G. Judgment that Defendant's violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendant;

  H. Judgment that Defendant's violations of the IWOWA minimum wage requirements were willful;

  I. Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

  J. An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

  K. An award to Plaintiff and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or

Defendant's management;

L.   An award of statutory liquidated damages in amounts prescribed by the IWOWA;

M.   An award of statutory liquidated damages in amounts prescribed by the FLSA;

N.   An award of attorneys' fees and costs to be determined by post-trial petition;

O.   Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

P.   Such further relief as may be necessary and appropriate.

                Respectfully submitted,

Dated:  July 20, 2022        **DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Local Counsel for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
(248) 258-2500 / Fax (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

GREGG C. GREENBERG (0712110314)
Zipin, Amster & Greenberg, LLC
Attorney for Plaintiff
8757 Georgia Avenue, Suite 400

Silver Spring, Maryland 20910
301-587-9373 (fax 240-839-9142)
ggreenberg@zagfirm.com

## JURY DEMAND

Plaintiff requests a trial by jury on all facts and issues so triable.

Respectfully submitted,

Dated: July 20, 2022

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Local Counsel for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
(248) 258-2500 / Fax (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com


GREGG C. GREENBERG (0712110314)
Zipin, Amster & Greenberg, LLC
Attorney for Plaintiff
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
301-587-9373 (fax 240-839-9142)
ggreenberg@zagfirm.com